



FILED
Nov 02, 2020
12:03 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James Carter | ) | Docket No. 2015-06-0466 |
| | ) | |
| v. | ) | State File No. 43734-2015 |
| | ) | |
| Ricoh America Corp., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard October 15, 2020 |
| Compensation Claims | ) | via WebEx |
| Kenneth M. Switzer, Chief Judge | ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employer asserts the trial court erred in granting the employee's motion to exclude the employer's vocational expert in this cause. The employer argues that restrictions caused by the COVID-19 pandemic and executive orders issued by the Governor of Tennessee rendered it unable to meet deadlines set by the trial court with respect to expert disclosures. As a result, according to the employer's argument, the trial court should have acknowledged its "excusable neglect" and permitted it to present vocational expert proof at trial. Upon careful consideration of the record, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Carolina V. Martin, Nashville, Tennessee, for the employer-appellant, Ricoh America Corp.

Brian Dunigan, Goodlettsville, Tennessee, for the employee-appellee, James Carter

### Factual and Procedural Background

James Carter, ("Employee") was working for Ricoh America Corp. ("Employer") as a warehouse associate. He alleges that he felt low back pain while lifting a box at work on June 5, 2015. Employer initiated workers' compensation benefits, and Employee was seen by several medical providers, including Dr. James Seely and Dr. Greg Lanford. Employee was also evaluated by Dr. Stephen Kent, a physician selected from the Bureau of Workers' Compensation's Medical Impairment Rating Registry

1

("MIRR"). *See* Tenn. Code Ann. § 50-6-204(d)(5) (2019). In addition, Employer filed a medical records review report completed by Dr. Jeffrey Hazlewood.

On April 6, 2020, the trial court entered an Order Resetting Status Conference. In that order, the court stated that Employer "*must* file a notice with the Clerk on or before April 15 identifying its vocational expert, if any." (Emphasis added.) On April 15, 2020, Employer filed a "Notice of Employer's Intent to Depose Vocational Expert and to Perform Vocational Assessment." In its notice, Employer stated that it "has not been able to retain an expert as of this date in light of lack of availability and issues related to the C[OVID]-19 pandemic and stay-at-home orders issued by the governor." Employer stated in its notice it would "continue to make efforts to secure a qualified expert." Thereafter, on June 10, 2020, approximately eight weeks after the trial court's deadline, Employer filed a notice identifying its vocational expert and indicating its intent to coordinate with opposing counsel the "scheduling of said evaluation at a mutually agreeable time." This notice was filed one day before Employer took the discovery deposition of Employee's vocational expert.

On June 22, 2020, Employee filed a motion to strike Employer's vocational expert, arguing that Employer's counsel had made a "strategic choice" to delay identifying its vocational expert until less than 24 hours before the discovery deposition of Employee's vocational expert, which was 56 days after the court's April 15 deadline. In response, Employer argued that Governor Lee's Executive Orders 22, 23, and 27, which required Tennesseans to stay at home unless engaging in "essential activities," prevented it from complying with the court's April 15 deadline. Employer further argued that the failure to abide by the trial court's April 15 deadline constituted, at most, excusable neglect. It also asserted that because no trial date had been set, Employee could not demonstrate any degree of prejudice caused by its failure to abide by the trial court's deadline.

On July 2, 2020, the trial court granted Employee's motion to strike Employer's vocational expert. In its order, the trial court reasoned that Employer never explained why it was unable to retain and identify an expert by the court's stated deadline even with the Governor's executive orders in place, noting an email from Employer's vocational expert that stated she "kept taking cases during the COVID-19 issue." Also, the trial court observed that Employer did not file a motion for an extension of time within the original deadline or a motion to amend the court's most recent scheduling order. The trial court rejected what it called Employer's effort at "gamesmanship and an attempt to hide behind the veil of a pandemic" and granted Employee's motion. Employer has appealed.

**Standard of Review**

A trial court's decision regarding pretrial discovery is discretionary and an appellate court's review of such a decision applies an "abuse of discretion" standard of review. *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005); *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn. 1992). An abuse of discretion is found if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). "Whether a court applied an incorrect legal standard is a question of law that is reviewed de novo." *Funk v. Scripps Media, Inc.*, 570 S.W.3d 205, 210 (Tenn. 2019). We are required to "review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by the evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524-25 (Tenn. 2010) (internal citations omitted). The abuse of discretion standard does not permit us to merely substitute our judgment for that of the trial court. *See Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012).

**Analysis**

The dispositive issue in this appeal is whether the Court of Workers' Compensation Claims abused its discretion in excluding any evidence from Employer's vocational expert. In the circumstances of this case, this is no small issue given that Employee claims he was rendered permanently and totally disabled by his work-related injury and, at trial, presumably will be able to offer vocational expert proof to that effect with no countervailing vocational expert proof from Employer. Moreover, this question is presented in the unique context of a nationwide pandemic that resulted in numerous restrictions placed on the activities of most Americans, resulting in delays, continuances, and schedule changes in courts across the state.

Nevertheless, despite the unique circumstances in which this appeal comes to us, we can apply well-settled principles to the issue raised. The first such principle is that trial courts are given broad discretion to control their dockets. *Valladares v. Transco Products, Inc.*, Nos. 2015-01-0117 & -0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *26 (Tenn. Workers' Comp. App. Bd. July 27, 2016) ("a trial court has the necessary discretion to control the pace of litigation through the use of case supervision and docket management"); *see also Smith v. Smith*, No. E2017-01295-COA-R3-CV, 2019 Tenn. App. LEXIS 59, at *20 (Tenn. Ct. App. Jan. 31, 2019) ("trial courts have broad discretion to control their dockets"). A second such principle is that, when reviewing a trial court's discretionary decision on appeal, we must determine whether the trial court abused its

discretion. *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005). It is well-settled that an abuse of discretion occurs only when the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that cause[d] an injustice to the complaining party." *State v. Ostein*, 293 S.W.3d 519, 526 (Tenn. 2009); *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008).[1]

Turning to the merits of this appeal, we find nothing in this record to suggest the trial court applied an incorrect legal standard. In its order granting Employee's motion to exclude, the court considered precedent discussing a trial court's discretion to control the pace of litigation, and it noted that this case involved an alleged work injury that occurred almost five years prior to the hearing. Moreover, the court considered Rule 6.02 of the Tennessee Rules of Civil Procedure and the meaning of the term "excusable neglect." Finally, the court analyzed the four-part test for the assessment of "excusable neglect" as stated in *Williams v. Baptist Memorial Hospital*, 193 S.W.3d 545, 551 (Tenn. 2006), and it concluded Employer had not met those factors.[2]

Moreover, we cannot conclude the trial court reached an illogical conclusion in its assessment of the *Williams* court's four-part test or other relevant considerations, or that it based its decision on a clearly erroneous assessment of the evidence. The question is not whether we may have decided these issues differently but whether the trial court's findings were "illogical" or based on a "clearly erroneous" assessment. Stated another way, we must determine whether the result reached by the trial court was within the "range of acceptable alternative dispositions." *Lee Med., Inc.*, 312 S.W.3d at 524-25. We conclude it was.

Employer insists that because no trial date had been set, Employee can point to no actual prejudice he suffered as a result of Employer's late filing. Employer first noted Employee was aware of Employer's intent to retain a vocational expert for several months prior to the discovery deposition of Employee's vocational expert. Employer further denies there was any "gamesmanship," as described by the trial court, in its late filing of a notice identifying its expert one day before the discovery deposition of

---

[1] In its brief on appeal, Employer cited the standard of review noted in Tennessee Code Annotated section 50-6-239(c)(7), which requires us to presume the findings and conclusions of the trial court are correct unless the preponderance of the evidence is otherwise, but it failed to address the abuse of discretion standard that applies to a trial court's discretionary decisions. We conclude the test set forth in *Konvalinka* above establishes the framework for our analysis.

[2] The *Williams* court's four-part test includes: (1) the risk of prejudice to the parties opposing the late filing; (2) the delay and its potential impact on proceedings; (3) the reasons why the filings were late and whether the reasons were within the filer's reasonable control; and (4) the good or bad faith of the filer. *Williams*, 193 S.W.3d at 551.

Employee's vocational expert. During oral argument, Employer noted that this was a discovery deposition, not a proof deposition, and Employee's counsel did not object to the occurrence of that deposition even though he learned the identity of Employee's vocational expert the previous day. Finally, Employer argued that it would have been improper for it to identify a potential expert without knowing whether that expert could arrange for an in-person evaluation due to COVID-19 restrictions imposed by the Governor's executive orders.

Yet, equally compelling was the trial court's finding that Employer offered no affidavit or other evidence supporting its statements regarding the difficulty in finding an expert. Moreover, it noted that Employer could have filed a motion for an extension of time or a motion to alter the court's scheduling order, but it failed to do so. Instead, Employer presumed that its "Notice of Employer's Intent to Depose Vocational Expert and Perform Vocational Assessment" was sufficient to put the court and the opposing party on notice that it purportedly could not meet the court's deadline. It is significant that Employer did not identify its expert until fifty-six days after the expiration of the court's deadline.

Employer urges us to consider its April 15 Notice of Employer's Intent to Depose Vocational Expert and Perform Vocational Assessment as an "implied motion" for an extension of time. Yet, the case Employer cites in support of this argument, *State ex rel. Jones v. Looper*, 86 S.W.3d 189 (Tenn. Ct. App. 2000), stands for the proposition that a trial court has the discretion to deny such an implied motion for an extension of time "if it was not satisfied that the failure to file the [pleading] was due to excusable neglect." *Id.* at 196. In *Looper*, the Court of Appeals affirmed the trial court's rejection of such an "implied motion" and specifically held "there must be some application to the court for relief from the failure to timely file [the pleading]." *Id.* In the present case, we cannot conclude the trial court erred in determining Employer's April 15 filing did not constitute an application for relief from the court's scheduling order or deadlines.

Finally, we cannot conclude the trial court's order resulted in an injustice to Employer. A stern or harsh result does not necessarily equate to an injustice. In *Nelson v. Justice*, No. E2017-00895-COA-R3-CV, 2019 Tenn. App. LEXIS 35 (Tenn. Ct. App. Jan. 25, 2019), the Tennessee Court of Appeals addressed a trial court's action in imposing sanctions pursuant to Rule 37 of the Tennessee Rules of Civil Procedure, which allows such sanctions when a party fails to cooperate with discovery requests. The Court of Appeals noted that Rule 37.03 "permits a trial court to exclude evidence when a party fails to supplement discovery requests in accordance with Rule 26.05." *Id.* at *57-8; *see also Murray v. Beard*, No. E2006-01661-COA-R3-CV, 2007 Tenn. App. LEXIS 562, at *14 (Tenn. Ct. App. Aug. 29, 2007) ("we cannot say that the trial court abused its discretion" in excluding exert testimony as a sanction for the party's failure to answer written discovery); *Dean v. Weakley Cnty. Bd. of Educ.*, No. W2007-00159-COA-R3-CV, 2008 Tenn. App. LEXIS 218, at *37 (Tenn. Ct. App. Apr. 9, 2008) (the "usual

sanction" for failure to properly amend discovery responses is "exclusion of evidence at trial"). Here, the trial court acted within its discretion in excluding from evidence testimony of Employer's vocational expert when Employer failed to abide by the terms of the court's scheduling order. We cannot conclude the trial court's action resulted in an injustice to Employer.

## Conclusion

For the foregoing reasons, we affirm the trial court's interlocutory order and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James Carter | ) | Docket No. 2015-06-0466 |
| | ) | |
| v. | ) | State File No. 43734-2015 |
| | ) | |
| Ricoh America Corp., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard October 15, 2020 via WebEx |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 2nd day of November, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Brian Dunigan<br>Rita Duffy | | | | X | brian@poncelaw.com<br>rita@poncelaw.com |
| Carolina V. Martin<br>Crystal Brown | | | | X | carolina.martin@leitnerfirm.com<br>crystal.brown@leitnerfirm.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov